Filed
RECEIVED
U.S. DIST. COURT
BRUNSWICK DIV.

2006 OCT 10  A 9 44

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KELVIN WILLIAMS,

  Plaintiff,

vs.

STATE OF GEORGIA; GEORGIA
DEPARTMENT OF CORRECTIONS;
JAMES DONALD, Commissioner;
JAMES L. ALLEN; AMY PATALUNA;
RANDALL HOLDEN, and LARRY
COPELAND,

  Defendants.

CIVIL ACTION NO.: CV506-013

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Washington State Prison in Davisboro, Georgia, filed an action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, contesting certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. Defendants have filed a Pre-Answer Motion to Dismiss, and Plaintiff has filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was denied a nutritionally adequate diet due to Defendants' failure to provide a substitute for pork items when they were served with meals. Plaintiff also asserts that he was compelled by Defendants to shave his head and facial hair.

AO 72A
(Rev. 8/82)

Plaintiff contends that Defendants' actions were based on Georgia Department of Corrections policies that violate his statutory right to free exercise of religion under the RLUIPA.

Defendants first assert that Plaintiff's claim should be dismissed because the RLUIPA does not provide for a cause of action against individual defendants. (Doc. No. 23, pp. 4-5). Next, Defendants contend that Plaintiff fails to state a claim that his rights have been violated under the RLUIPA. (Id. at 7-12). Defendants finally allege that certain of Plaintiff's claims should be stayed pending resolution of identical issues in a case previously filed by Plaintiff which is pending before this court. (Id. at 12-15).

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769

F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Individual Liability Under the RLUIPA**

Defendants first contend that individuals cannot be sued under the RLUIPA, and that therefore Defendants Donald, Allen, Pataluna, Holden, and Copeland are not proper party defendants. (Doc. No. 23, p. 4). Under Section 2000cc-2 of the RLUIPA, "[a] person may assert a violation of [the RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief *against a government*" (emphasis added). However, Section 2000cc-5(4)(a) defines "government," in pertinent part as "any branch, department, agency, instrumentality, or official [of a governmental entity]" or "any other person acting under color of State law."

Few courts have addressed the liability of individuals under the RLUIPA. The Court in Hale O Kaula Church v. Maui Planning Commission, 229 F. Supp. 2d 1056 (D. Haw. 2002), found that the "RLUIPA provides a cause of action against 'governments' and does not appear to allow causes of action against individuals." Id. at 1067. However, Hale O Kaula Church did not at all address Section 2000cc-5(4)(a) of the RLUIPA, which defines the term "government" to include governmental officials or those acting under color of state law. In Guru Nank Sikh Society of Yuba City v. County of Sutter, 326 F. Supp. 2d 1128 (E.D. Cal. 2003), the Court did consider 2000cc-5(4)(a)'s definition of "government" and

concluded that individual governmental officials may be subject to suit under the RLUIPA, finding that the language of that section "leaves little room for ambiguity" and that the contrary conclusion of Hale O Kaula Church "misses the mark." Id. at 1136. See also Asad v. Bush, 170 Fed. Appx. 668, 672 (11th Cir. 2006) and Brunskill v. Boyd, 141 Fed. Appx. 771, 775-776 (11th Cir. 2005) (analyzing merits of inmates' RLUIPA claims against state officials without consideration of whether individuals are amenable to suit).

Defendants contend, however, that the RLUIPA must not apply to individual defendants because it is spending clause legislation, basing their argument on the rationale that individual officials are not part of the contract for spending between the government entity and the federal government. See Benning v. Georgia, 391 F.3d 1299 (11th Cir. 2004) (finding RLUIPA constitutional as exercise of Congress' spending power). Defendants cite various cases in which other spending clause legislation, specifically federal employment discrimination legislation, has been found inapplicable to individual defendants. See Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991); Smith v. Lomax, 45 F.3d 402 (11th Cir. 1995); Miller v. King, 384 F.3d 1248 (11th Cir. 2004). However, in none of the cases cited was individual liability denied *because* the statute was based on Congress' spending power. In fact, not one of the cases cited by Defendants in support of their spending clause rationale even mentions the term "spending clause." Furthermore, even accepting Defendants' spending clause rationale, the cases cited by Defendants still allow for suit against government officials in their *official* capacities. Since Plaintiff makes clear that his claims are only against the individual defendants in their official capacities, it is unnecessary for this court to decide whether the RLUIPA authorizes suit against government officials in their individual capacities. (Doc. No. 26, p. 2). Plaintiff's claims

4

against these individual defendants in their official capacities should remain pending at this time.

## II.   Failure to State a Claim Under the RLUIPA

Defendants contend that the DOC's policies do not "substantially burden" Plaintiff's religious exercises under the RLUIPA and that even if they did substantially burden his exercise, they are justified under the strict scrutiny standard of the RLUIPA. (Doc. No. 23, pp. 5-12). In order to evaluate a prisoner's claim that his right to free religious practice has been violated, the Court must conduct a fact-intensive inquiry into whether there was a deprivation and whether that deprivation was justified. See Salem v. Evans, 866 F.2d 1313, 1316-1317 (11th Cir. 1989). Thus, Plaintiff's RLUIPA claim should not be dismissed without such a factual inquiry. Had the Court been inclined to dismiss Plaintiff's RLUIPA suit for failure to state a claim under the RLUIPA, it would have recommended doing so in its 28 U.S.C. § 1915A screening for cognizable claims.

## III.   Request to Stay Proceedings

Defendants finally contend that Williams v. Humphreys, CV 504-053, which was brought by Plaintiff and which is currently pending before this court, rests on facts identical to those of this action. (Doc. No. 23, p. 12). Because Plaintiff also challenges SOP IVL01-0002 in that case, Defendants foresee a defense of claim preclusion and assert that this Court should stay these proceedings until the Court rules on the merits of the prior case.

As Defendants are surely aware, Williams v. Humphreys is a suit in which Plaintiff challenges the constitutionality of SOP IVL01-0002 under the Eighth Amendment's proscription against cruel and unusual punishment. That claim will thus be analyzed under legal standards which are dramatically different from the standard applied in a challenge

under the RLUIPA.  Furthermore, it is the first suit to reach *judgment* that is given preclusive effect for purposes of res judicata, not the suit that was filed first.  Chicago, R.I. & P. Ry. V. Schendel, 270 U.S. 611, 615-617, 46 S. Ct. 420, 422, 70 L. Ed. 757 (1926). Any determination on the merits of Plaintiff's Eighth Amendment claim in the prior case will not necessarily present a defense of claim preclusion to Defendants in the instant case. Accordingly, Defendants request to stay these proceedings should be denied.

### CONCLUSION

Based on the foregoing, Defendants' Pre-Answer Motion to Dismiss (Doc. No. 22) should be **DENIED**.

**SO REPORTED** and **RECOMMENDED** this 10th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)