IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KELVIN WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV506-013

STATE OF GEORGIA; GEORGIA
DEPARTMENT OF CORRECTIONS;
JAMES DONALD, Commissioner;
JAMES L. ALLEN; AMY PATALUNA;
RANDALL HOLDEN, and LARRY
COPELAND,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Washington State Prison in Davisboro, Georgia, has filed an action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, contesting certain conditions of his confinement while he was incarcerated at Ware State Prison in Waycross, Georgia.[1] Defendants have filed a Motion for Summary Judgment (Doc. No. 35), and Plaintiff has filed a Response (Doc. No. 40). For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was compelled by Defendants to shave his head and facial hair, in violation of the tenets of his religion. Plaintiff also asserts that he was

---

[1] Plaintiff also brought suit pursuant to 42 U.S.C. § 1983 claiming violations of his Equal Protection and Due Process rights. These claims, however, were dismissed by Order of the Court dated September 11, 2006. (Doc. No. 25).

forced to consume pork, also prohibited by his religion, because of Defendants' failure to provide a substitute for pork items when they were served with meals. Plaintiff asserts that Defendants' actions were based on Georgia Department of Corrections (GDC) policies that violate his statutory right to free exercise of religion under the RLUIPA. In their Motion, Defendants contend that neither the GDC policy on facial hair nor the policy on religious meal substitutions violates the RLUIPA.

## STANDARD OF DETERMINATION

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The procedure for disposing of a summary judgment motion is well established. The Court may grant summary judgment to a party when the evidence demonstrates that the nonmoving party has failed to establish an essential element of his case. The party moving for summary judgment bears the initial burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, a court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion. All reasonable doubts regarding the facts should be resolved in favor of the nonmovant. Adickes, 398 U.S. at 157, 90 S. Ct. at 1608.

Once the moving party has met this initial burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. Celotex Corp. v. Catrell, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The opposing party may not simply rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must make a sufficient showing of facts to establish the

AO 72A
(Rev. 8/82)

2

existence of an essential element to his case on which he will bear the burden of proof at trial. Id.; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989). To oppose the motion sufficiently after the movant has met his initial burden, the nonmoving party must point to evidence in the record or present additional evidence in the form of affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. Riley v. Newton, 94 F.3d 632, 639 (11th Cir. 1996). If the record presents factual issues, the Court must deny the motion and proceed to trial. Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1246 (11th Cir. 1999). Summary judgment is also inappropriate where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Id.

## DISCUSSION AND CITATION TO AUTHORITY

The relevant portion of the RLUIPA provides that: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). By its terms, then, this Section applies strict scrutiny to government action that substantially burdens the religious exercise of institutionalized persons.

Plaintiff contends that Defendants, by forcing him to shave his beard and by refusing to provide a pork substitute, have imposed a substantial burden on his religious exercise in violation of this Section. Under the RLUIPA, Plaintiff bears the initial burden of demonstrating that the policy in question substantially burdens his religious exercise. Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004). The burden then shifts to Defendants to show that any substantial burden is "in furtherance

AO 72A
(Rev. 8/82)

3

of a compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000c-1(a)(1-2).

I.  **The GDC Grooming Policy**

GDC policy requires that inmates' head hair be no longer than three inches, and goatees, beards, and similar facial hair are prohibited unless medically necessary. (Doc. No. 36, Exh. A). In his affidavit, Plaintiff explains that as a practitioner of Al-Islam, he is required to grow his hair and beard because God ordained as much and because compliance with this precept promotes his rehabilitation. (Doc. No. 42, Exh. 1, p. 2). Plaintiff asserts that pursuant to GDC policy, he was required to shave his head and facial hair, thus causing his failure to adhere to this allegedly religiously mandated activity. (Id. at 2-3).

Defendants appear to assume that the GDC grooming policy does substantially burden the free exercise of Plaintiff's religion. (Doc. No. 36, p. 11). Thus, the Court must determine whether such a burden is in furtherance of a compelling government interest and whether it is the least restrictive means of furthering that interest. Defendants assert that the grooming policy furthers the compelling governmental interest in security, specifically the "identification of escapees and the prevention of the secreting of contraband," interests which were indeed deemed "compelling" by the Eleventh Circuit in Harris v. Chapman, 97 F.3d 499, 504 (11th Cir. 1996). Defendants have submitted the affidavit of GDC Division Director Arnie Depetro, wherein he discusses the need to easily identify inmates so as to maintain discipline and security at the prisons. (Doc. No. 36, pp. 26-27). Depetro explains that identification of inmates within the prison is required so that: inmates' locations may be monitored; violators of

disciplinary rules may be identified; transfers of the incorrect inmate may be avoided; and escaped inmates may be recaptured. (Id. at pp. 24-26). Plaintiff does not appear to contend that the grooming policy does not further the interest of security, and indeed, the Court finds the safety concerns asserted by Defendants to be sufficiently compelling to satisfy the RLUIPA.

Plaintiff's primary contention is that the GDC grooming policy is not the least restrictive means of furthering the State's compelling interest in safety and security. Alternatively, Defendants assert that the grooming policy is the least restrictive means of furthering their interest, and the Court concurs, as the Eleventh Circuit has specifically deemed a similar regulation in compliance with this RLUIPA standard. In Harris, the Eleventh Circuit examined a Florida regulation which required male inmates to "have their hair cut short to medium length at all times with no part of the ear or collar covered" and to be clean shaven with only a medical exception. 97 F.3d at 501. In the case *sub judice*, the GDC rule requires hair to be no longer than three inches, not reaching the collar of an ordinary shirt, and not covering the ears or the eyebrows. Facial hair, excluding mustaches, is prohibited unless medically indicated. (Doc. No. 36, Exh. A, p. 6). Thus, in this Circuit, the GDC regulation in question is, as a matter of law, a "reasonable hair length regulation" which "satisfies the least restrictive means test." 97 F.3d at 504.

Plaintiff offers that even a ¼-inch beard would allow him to be in compliance with his religious precepts and that he could not possibly hide contraband in such a short beard. This alternative, however, ignores the security interest in being able to quickly and easily identify inmates and preventing them from regularly changing their

appearance. Requiring new identification cards to be issued every time a male inmate becomes anything less than clean-shaven as Plaintiff suggests would be wholly impractical. The State's interests in safety and security simply cannot realistically be achieved by any other means. Because the GDC grooming policy furthers a compelling government interest and because it is the least restrictive means of furthering that interest, there is no genuine issue of material fact as to the grooming policy aspect of Plaintiff's RLUIPA claim.

## II.    The GDC Religious Diet Policy

Plaintiff's affidavit explains that his sincerely held religious beliefs prohibit his consumption of pork and pork products. (Doc. No. 40, p. 3). He also asserts that he is forced to consume pork products, a religiously prohibited activity, because there are no alternatives to pork when it is served, and the omission of pork results in a nutritionally inadequate meal. Defendants submit that this claim is barred by the doctrine of collateral estoppel as a result of this Court's judgment in Plaintiff's prior civil case.

Collateral estoppel, or "issue preclusion," prevents a particular issue which was raised, litigated, and adjudged in a prior proceeding from being relitigated in a subsequent proceeding. Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982). The following elements are required to establish a claim of collateral estoppel: (1) there must be an identity of issues between the two proceedings; (2) the issue must have been actually and necessarily litigated in the prior proceeding; (3) determination of the issue must have been essential to the prior judgment; and (4) the party to be estopped must have had a full and fair opportunity to litigate the issue in the prior proceeding. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).

In Williams v. Humphreys, Case Number CV 504-53, Plaintiff brought a claim pursuant to 42 U.S.C. § 1983 contending that GDC religious diet policy violated his Eighth Amendment rights because it failed to provide him a nutritionally adequate meal absent a pork substitute. At the conclusion of evidence during Plaintiff's jury trial, the Court granted the defendants' motion for judgment of a matter of law, finding that "[t]here was no evidence that Plaintiff's meals, even without the consumption of pork, were in any way nutritionally inadequate." (CV 504-53, Doc. No. 118, p. 2). The Court based its conclusion on evidence that GDC meals, even without pork, contain an adequate number of calories and nutrients each day. (Id.)

Clearly, the requirements of collateral estoppel have been met in this case. The issue in the prior case and in this case are identical: namely, whether Plaintiff's meals, absent pork or a pork substitute, are nutritionally inadequate. The issue was actually litigated in the prior proceeding. It was a critical part of the judgment in the prior action, as determination of the issue was essential to the outcome of Plaintiff's Eighth Amendment claim. Finally, Plaintiff had a full and fair opportunity at the trial of the prior action to litigate the issue in question.

Accordingly, the issue of whether Plaintiff's diet, absent pork or a pork substitute, is nutritionally adequate has been determined and is precluded from further litigation in this action. Accepting, then, this Court's prior determination that the GDC diet without pork is nutritionally adequate, Plaintiff's RLUIPA claim on this point must necessarily fail. Because he may simply abstain from eating pork when it is served and still consume a nutritional meal, Plaintiff's religious exercise is not substantially burdened. In the Eleventh Circuit, a "'substantial burden' must place more than an inconvenience

on religious exercise; a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly. Thus, a substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). While simply omitting meat from his diet on the days pork is served may not be preferential and may even be burdensome to Plaintiff, this Court cannot say that it is "substantial" as used in the RLUIPA and as defined by this Circuit. Accordingly, because there is no genuine issue of material fact as to whether the GDC diet imposes a substantial burden on Plaintiff's religious exercise, he has failed to state a prima facie case under the RLUIPA. Defendants are therefore entitled to summary judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 35) be **GRANTED**.

SO REPORTED AND RECOMMENDED, this 26th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE